# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CENTER FOR BIOLOGICAL DIVERSITY, )
  378 Main Street, )
  Tucson, AZ 85701 )
 )  Case No.: 1:18-cv-02407
TROPICAL AUDUBON SOCIETY, )
  5530 Sunset Dr. )  **COMPLAINT FOR DECLARATORY**
  Miami, FL 33143 )  **AND INJUNCTIVE RELIEF**
 )
NORTH AMERICAN BUTTERFLY )
ASSOCIATION CHAPTER OF SOUTH )
FLORIDA, INC., D/B/A MIAMI BLUE )
CHAPTER, )
  4 Delaware Road, )
  Morristown, NJ 07960 )
 )
     *Plaintiffs,* )
 )
     v. )
 )
RYAN ZINKE, in his official capacity as )
Secretary of the U.S. Department of Interior, )
  1849 C Street NW )
  Washington, DC 20240, )
 )
U.S. DEPARTMENT OF THE INTERIOR, )
  1849 C Street NW )
  Washington, DC 20240, )
 )
JIM KURTH, in his official capacity as )
Deputy Director for Operations and Acting )
Director of U.S. Fish and Wildlife Service, )
  1849 C Street NW, )
  Washington, DC 20240, )
 )
     and )
 )
U.S. FISH AND WILDLIFE SERVICE, )
  1849 C Street NW, )
  Washington, DC 20240, )
 )
     *Defendants.* )
 )

## INTRODUCTION

1.     In this civil action for declaratory and injunctive relief, the Center for Biological Diversity, Tropical Audubon Society, and North American Butterfly Association Chapter of South Florida, Inc., d/b/a Miami Blue Chapter (collectively, "Conservationists") challenge the U.S. Fish and Wildlife Service's ("Service") failure to comply with the nondiscretionary deadlines set forth in the Endangered Species Act (Act), 16 U.S.C. §§ 1531–1544. Specifically, the Service failed to designate "critical habitat" for the Florida bonneted bat concurrently with its decisions to list the species as endangered, or within one additional year from the dates of proposed listing after making a "not determinable" finding. *Id.* § 1533(a)(3), (b)(6)(A)(ii), (b)(6)(C). The Florida bonneted bat's very existence remains at risk until the Service fulfills its statutory duty to designate the critical habitat necessary to support survival and recovery.

2.     On October 4, 2012, the Service published a proposed rule to list the Florida bonneted bat as endangered throughout its range, but asserted that critical habitat was not determinable. 77 Fed. Reg. 60749, 60775 (Oct. 4, 2012). On October 2, 2013, the Service issued a final rule listing the Florida bonneted bat as endangered under the Act, but did not designate critical habitat, maintaining that critical habitat was not determinable. 78 Fed. Reg. 61003, 61042 (Oct. 2, 2013). To date, the Service has not designated critical habitat for the Florida bonneted bat.

3.     The Service was statutorily required to designate critical habitat concurrently with listing. However, the Service did not designate critical habitat at that time, nor did it designate critical habitat within one additional year after asserting critical habitat was not determinable, and still has not done so. Consequently, the Service is in violation of the Endangered Species Act.

4.      Critical habitat provides important protection for imperiled species beyond that provided by listing alone. Pursuant to section 7(a)(2) of the Act, federal agencies must ensure through consultation with the Service that any action they authorize, fund, or carry out will not "jeopardize the continued existence of any [listed] species." 16 U.S.C. § 1536(a)(2). For species with critical habitat, each federal agency must additionally guarantee that its actions will not "result in the destruction or adverse modification" of the critical habitat. *Id.* Species with critical habitat designations are twice as likely to be moving toward recovery as species without designated critical habitat.

5.      To ensure that the Endangered Species Act can provide lifesaving protections for the Florida bonneted bat, Conservationists bring this action for declaratory relief against Ryan Zinke, in his official capacity as Secretary of the Interior; United States Department of the Interior; Jim Kurth, in his official capacity as Deputy Director for Operations and Acting Director of the United States Fish and Wildlife Service; and the United States Fish and Wildlife Service to affirm that Defendants are in violation of the Endangered Species Act and Administrative Procedure Act (APA) for failing to timely designate critical habitat for the Florida bonneted bat. Conservationists also respectfully requests that this Court compel the Service to issue its final rule designating critical habitat to safeguard the habitat the Florida bonneted bat needs to survive.

## JURISDICTION AND VENUE

6.      Conservationists bring this action under the Endangered Species Act, 16 U.S.C. §§ 1533, 1540(g), and the APA, 5 U.S.C. § 706.

7.      The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1346 (United States as a defendant), 16 U.S.C. § 1540(c)

(actions arising under the Endangered Species Act), and 16 U.S.C. § 1540(g) (citizen suit

provision of the Endangered Species Act), and 5 U.S.C. § 702 (Administrative Procedure Act).

8.      The relief sought is authorized under 28 U.S.C. § 2201 (declaratory relief), 28

U.S.C. § 2202 (injunctive relief), 16 U.S.C. § 1540(g), and 5 U.S.C. § 702.

9.      Conservationists provided formal notice to Defendants of their intent to file suit

under the Endangered Species Act on July 3, 2018, more than 60 days prior to filing this

complaint, consistent with the Act's statutory requirements. *See Exhibit A*; 16 U.S.C. §

1540(g)(2). Because Defendants have not remedied the legal violations outlined in the notice,

there exists an actual, justiciable controversy between the parties within the meaning of the

Declaratory Judgment Act. 28 U.S.C. § 2201.

10.      Venue in this Court is proper in the United States District Court for the District of

Columbia according to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A) because at least one

of the Defendants resides in this judicial district.

## PARTIES

11.      The Center for Biological Diversity ("Center") is a national, nonprofit

conservation organization incorporated in California and headquartered in Tucson, Arizona, with

offices throughout the United States, including Alaska, Arizona, California, Colorado, Florida,

Hawai'i, Idaho, Minnesota, Nevada, New Mexico, New York, North Carolina, Oregon,

Washington, and Washington, D.C., and in Mexico. The Center works through science, law, and

policy to secure a future for all species, great and small, hovering on the brink of extinction. The

Center has more than 63,000 active members across the country. The Center and its members are

concerned with the conservation of imperiled species, including the Florida bonneted bat,

through effective implementation of the Endangered Species Act. The Center brings this action

on behalf of itself and its members.

12.     The Center's members include individuals with recreational, scientific,

professional, aesthetic, spiritual, and ethical interests in the Florida bonneted bat and its habitat.

13.     Tropical Audubon Society endeavors to conserve and restore natural South

Florida ecosystems, focusing on birds, other wildlife, and their habitats through advocacy and

education for the benefit of biological diversity and humanity itself.

14.     The North American Butterfly Association Chapter of South Florida, Inc., d/b/a

Miami Blue Chapter ("Miami Blue") is a non-profit organization dedicated to lepidopteran

(butterflies, moths, and skippers) conservation, research, and educational outreach. Miami Blue

is located is Southeast Florida, a unique region in the continental United States harboring the

globally imperiled pine rockland ecosystem with high biodiversity and endemism. Miami Blue

strives to preserve biodiversity and prevent catastrophic ecosystem service failures beneficial to

people and wildlife such as pollination, nutrient cycling, and aesthetic enjoyment. Miami Blue

believes protecting the Florida bonneted bat's habitat will also protect habitat for imperiled

lepidopterans, which directly and indirectly will protect other wildlife and maintain the

ecological integrity of the pine rockland ecosystem.

15.     Defendants' failure to comply with the Endangered Species Act's

nondiscretionary deadline to designate critical habitat for the Florida bonneted bat denies it vital

protections that are necessary for its survival and recovery. Conservationists' members are

injured by Defendants' failure to timely designate critical habitat, which delays significant

protections for the Florida bonnet bat and harms its survival and recovery. Until the Service

protects the Florida bonneted bat's critical habitat under the Act, the Conservationists' and their

members' interests in the Florida bonneted bat are injured. These injuries are actual, concrete injuries presently suffered by Conservationists' members; are directly caused by Defendants' inaction; and will continue to occur unless this Court grants relief.

16.     The relief sought herein—an order compelling the Service to designate critical habitats—would redress these injuries by protecting the Florida bonneted bat's habitat before it can be further degraded or destroyed, thereby protecting the bats from extinction so Conservationists and their members can continue to pursue their educational, scientific, recreational, aesthetic, and spiritual interests in the Florida bonneted bat and their habitats. Conservationists and their members have no other adequate remedy at law.

17.     Defendant Ryan Zinke is the Secretary of the United States Department of the Interior. As Secretary of the Interior, he has the ultimate responsibility to administer and implement the provisions of the Endangered Species Act, including timely designation of critical habitat, and to comply with all other federal laws applicable to the Department of the Interior. Conservationists sues Defendant Zinke in his official capacity.

18.     Defendant United States Department of the Interior is an agency of the United States charged with administering the Endangered Species Act for most terrestrial and non-marine species like the Florida bonneted bat.

19.     Defendant Jim Kurth is the Deputy Director for Operations and Acting Director of the United States Fish and Wildlife Service. As Deputy Director for Operations and Acting Director, Defendant Kurth is a federal official with responsibility for implementing and enforcing the Endangered Species Act and its joint regulations, including timely designation of critical habitat, and to comply with all other federal laws applicable to the Service. Conservationists sues Defendant Kurth in his official capacity.

20.     Defendant United States Fish and Wildlife Service is a federal agency within the Department of the Interior. The Secretary of the Interior has delegated his authority to administer the Endangered Species Act to the Service for non-marine wildlife. 50 C.F.R. § 402.01(b). This authority encompasses timely compliance with the Endangered Species Act's mandatory deadlines to designate critical habitat.

21.     Defendants United States Department of the Interior; United States Fish and Wildlife Service; Ryan Zinke, in his official capacity as Secretary of the United States Department of the Interior; and Jim Kurth, in his official capacity as Deputy Director of Operations and Acting Director of the Service, have waived sovereign immunity in this action pursuant to 16 U.S.C. § 1540(g) (Endangered Species Act) and 5 U.S.C. § 702 (APA).

## STATUTORY AND REGULATORY FRAMEWORK

22.     The Endangered Species Act "represent[s] the most comprehensive legislation for the preservation of endangered species ever enacted by any nation." *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 180 (1978). Indeed, "Congress intended endangered species be afforded the highest of priorities." *Id.* at 174. Accordingly, the Act's purpose is to "provide a program for the conservation of . . . endangered species and threatened species" and "to provide a means whereby the ecosystems upon which endangered . . . and threatened species depend may be conserved." 16 U.S.C. § 1531(b).

23.     To that end, the Endangered Species Act requires the Service to protect imperiled species by listing them as "endangered" or "threatened." *Id.* § 1533(a)(1). A species is endangered if it "is in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6). A species is threatened if it is "is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id.* § 1532(20).

24.     Once a species is listed, it receives a host of important protections designed to prevent its extinction and aid its recovery, including one of the most crucial protections—safeguards for its "critical habitat." *Id.* § 1533(a)(3)(A).

25.     Critical habitat includes specific areas occupied by the threatened or endangered species with "physical or biological features . . . essential to the conservation of the species and . . . which may require special management considerations or protection," as well as specific areas unoccupied by the species that "are essential for the conservation of the species." *Id.* § 1532(5)(A). "Conservation" of a species means "the use of all methods and procedures which are necessary to bring any endangered species or threatened species to the point at which the measures provided pursuant to [the Act] are no longer necessary." *Id.* § 1532(3). Accordingly, critical habitat includes areas that require proper management to ensure a listed species cannot only survive but also recover.

26.     Protecting a species' critical habitat is crucial for the protection and recovery of many listed species—particularly those that have become endangered or threatened because of historical and ongoing habitat loss or degradation. For example, Section 7 of the Endangered Species Act requires all federal agencies to ensure their actions do not "jeopardize the continued existence" of any listed species or "result in the destruction or adverse modification" of their remaining "critical habitat." *Id.* § 1536(a)(2).

27.     To ensure species at risk of extinction receive these essential habitat protections in a timely manner, Congress prioritized designating critical habitat. *Id.* § 1533(a)(3), (b)(6); *see also id.* § 1531(b) (statutory directive to "provide a means whereby the ecosystems upon which endangered . . . and threatened species depend may be conserved"). The Service is required, "to the maximum extent prudent and *determinable*," to designate critical habitat for a species

"concurrently with making a determination" that it is endangered or threatened," *id.*

§ 1533(a)(3)(A)(i) (emphasis added), and within one year of issuing a rule proposing critical

habitat, *id.* § 1533(b)(6)(A)(ii); § 1533(b)(6)(C)(ii).

28.     Designation of critical habitat is not determinable when "[d]ata sufficient to

perform required analyses are lacking; or . . . [t]he biological needs of the species are not

sufficiently well known to identify any area that meets the definition of 'critical habitat.'" 50

C.F.R. § 424.12(a)(2).

29.     If the Service finds it is not prudent to designate critical habitat or that critical

habitat is not determinable, it must "state the reasons for not designating critical habitat in the

publication of proposed and final rules listing a species." 50 C.F.R. § 424.12(a).

30.     If critical habitat is "not . . . determinable" at the time the Service lists the species,

it may extend the deadline to designate critical habitat by "no more than one additional year," at

which point it must publish a final regulation "based on such data as may be available at the

time." *Id.* § 1533(b)(6)(C)(ii); § 1533(b)(2).

31.     The Endangered Species Act does not safeguard a species' critical habitat until

the Service designates it. Accordingly, it is essential that the Service dutifully follow the Act's

procedures and deadlines to ensure it designates critical habitat in a timely manner.

**FACTS GIVING RISE TO CONSERVATIONISTS' CLAIMS FOR RELIEF**

32.     The Florida bonneted bat, pictured below, is the largest species of bat in Florida,

with the most restricted range of all bats in North America.



33.     On October 4, 2012, the Service published a proposed rule to list the Florida bonneted bat endangered throughout its range due to extreme habitat loss and fragmentation, but did not propose critical habitat at that time as required by law, instead asserting that critical habitat was not determinable. 77 Fed. Reg. 60749, 60775 (Oct. 4, 2012).

34.     On October 2, 2013 the Service issued a final rule listing the Florida bonneted bat as endangered under the Act, but did not designate critical habitat, maintaining that critical habitat was not determinable, despite knowing the bat exists within a very restricted core range in Charlotte, Lee, Collier, Monroe, and Miami-Dade counties. 78 Fed. Reg. 61003, 61010 (Oct. 2, 2013). The Service also knows of approximately 26 colonies at 11 different roosting locations, nine of which are at risk inundation with one to six feet of projected sea level rise. Despite having this data available at the time of listing, the Service  did not designate critical habitat for the Florida bonneted bat, and instead alleged critical habitat was "not determinable."

35.     The Service then had one additional year to designate critical habitat using "the data as may be available at the time." *Id.* § 1533(b)(6)(C)(ii); § 1533(b)(2). Since the time of listing, additional, natural roost sites have been discovered in tree cavities located in Avon Park Airforce Range, Florida Panther National Wildlife Refuge, and Big Cypress National Preserve, giving the Service access to data about roost site preferences and the ecology of the species, yet the Service has yet to designate critical habitat using available data.

36.     Having proposed listing on October 4, 2012, and having alleged that critical habitat was not determinable when it listed the Florida bonneted bat on October 2, 2013, the

Service was statutorily required to designate critical habitat concurrent with listing or within one additional year; yet, the Service did not designate critical habitat at that time and still has not done so. Consequently, the Service is in violation of the Endangered Species Act.

**PLAINTIFF'S CLAIM FOR RELIEF**

<u>Violation of the Endangered Species Act, 16 U.S.C. § 1533(a)(3), (b)(6)(A)(ii), (b)(6)(C).</u>
<u>Failure to Designate Critical Habitat for the Florida Bonneted Bat.</u>

37.     Conservationists re-allege and incorporate by reference all the allegations set forth in this Complaint as though fully set forth below.

38.     The Endangered Species Act required Defendants to designate critical habitat for the Florida bonneted bat concurrently with its decisions to list the species as endangered, 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C), and within one year of proposing critical habitat, *id.* § (b)(6)(A)(ii), unless it found critical habitat was not determinable, in which case Defendants had one additional year from the time of the proposed listing to designate critical habitat based on such data as may be available at the time, *id.* § (b)(6)(C)(ii). At the time of listing, Defendants asserted critical habitat was not determinable; however, Defendants did not designate critical habitats within the additional year provided by the Act using data available at the time, and have still not designated critical habitat,, and thus is in violation of the Act's express statutory command to timely designate critical habitat.

39.     Conservationists and their members are injured by the Service's failure to designate critical habitat, violating Congress's mandate in the Endangered Species Act that the Service designate critical habitat concurrently with listing a species.

40.     The APA requires that the reviewing court "shall" interpret statutes and "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

41.     The Service's failure to designate critical habitat for the Florida bonneted bat violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (C), and its implementing regulations, and constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter a Judgment for Plaintiffs providing the following relief:

(1)     Declare that Defendants violated the Endangered Species Act and APA by failing designate critical habitat for the Florida bonneted bat;

(2)     Order Defendants to designate, by dates certain, final critical habitat for the Florida bonneted bat under the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A);

(3)     Grant Plaintiffs their reasonable attorneys' fees and costs in this action, as provided by the Endangered Species Act, 16 U.S.C. § 1540(g)(4), or the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(4)     Provide such other relief as the Court deems just and proper.

DATED: October 22, 2018

Respectfully submitted,

  /s/ Jaclyn M. Lopez
Jaclyn M. Lopez
D.C. Bar No.: FL 0017
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 490-9190
Fax: (520) 623-9797
jlopez@biologicaldiversity.org

_/s/ Rachael Curran_____

Rachael Curran
*Pro hac vice* pending
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 537-0802
Fax: (520) 623-9797
rcurran@biologicaldiversity.org

*Attorneys for Plaintiffs*