UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, TROPICAL AUDUBON SOCIETY, and NORTH AMERICAN BUTTERFLY ASSOCIATION CHAPTER OF SOUTH FLORIDA, INC., D/B/A/ MIAMI BLUE CHAPTER,<br><br>    Plaintiffs,<br><br>    v.<br><br>DAVID BERNHARDT, U.S. DEPARTMENT OF THE INTERIOR, and AURELIA SKIPWITH[1],<br><br>    Defendants. | Case No.: 1:18-cv-02407-RMC |

**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Center for Biological Diversity, Tropical Audubon Society, and North American Butterfly Association Chapter of South Florida, Inc. d/b/a/ Miami Blue Chapter ("Plaintiffs") and Defendants David Bernhardt, in his official capacity as Secretary of the U.S. Department of the Interior, the U.S. Department of the Interior, and Aurelia Skipwith in her official capacity as Director of the U.S. Fish and Wildlife Service ("Service" or "FWS") (collectively, "parties"), who, by and through their undersigned counsel, state as follows:

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Aurelia Skipwith, in her official capacity as Director of the U.S. Fish and Wildlife Service, is automatically substituted for Margaret Everson.

WHEREAS, on October 4, 2012, the Service published a proposed rule to list the Florida bonneted bat as an endangered species under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544. 77 Fed. Reg. 60,750 (Oct. 4, 2012);

WHEREAS, the Service concluded that designation of critical habitat for the species is "prudent but not determinable at this time due to lack of knowledge of which physical and biological features are essential to the conservation of the species." *Id.* at 60,775;

WHEREAS, when the Service publishes in the Federal Register notice of a proposed regulation listing a species, it has one year to either: (1) publish a final regulation that lists the species and finalize critical habitat designation concurrently; or (2) if critical habitat is prudent but not determinable, publish notice that it is extending the one-year period by no more than one additional year. 16 U.S.C. § 1533(b)(6)(A)(ii); 50 C.F.R. § 424.17(b)(2);

WHEREAS, if the Service avails itself of the one-year extension because it finds critical habitat is prudent but not determinable, it must within the additional year publish a final regulation designating, to the maximum extent prudent, critical habitat. 16 U.S.C. § 1533(b)(6)(C)(ii);

WHEREAS, on October 2, 2013, the Service issued a final rule listing the Florida bonneted bat as an endangered species under the ESA. 78 Fed. Reg. 61,004 (Oct. 2, 2013);

WHEREAS, the Service again concluded that "critical habitat is not determinable at this time," *id.* at 61,042, and stated that "we intend to publish a separate rule proposing designation of critical habitat for the Florida bonneted bat in the near future." *Id.* at 61,004;

WHEREAS, the Service has not yet designated critical habitat for the Florida bonneted bat;

WHEREAS, on October 22, 2018, the Plaintiffs filed the above-captioned action to compel the Service to designate critical habitat for the Florida bonneted bat by a date certain, ECF No. 1;

WHEREAS, the parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have negotiated a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint;

WHEREAS, the parties desire to resolve Plaintiffs' claims according to the terms set forth below, and thus hereby stipulate and agree as follows:

1.      On or before **May 15, 2020**, the Service shall submit to the Office of the *Federal Register* for publication a proposed determination concerning the designation of critical habitat for the Florida bonneted bat, unless the Office of Information and Regulatory Affairs ("OIRA") determines this action is "significant" pursuant to Executive Order 12866.  Should OIRA make such a determination, this deadline shall be extended an additional 90 days, until August 13, 2020, in order to comply with the interagency review process established by Executive Order 12866.

2.      The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking

the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

3. In the event that Defendants fail to meet the deadline specified in Paragraph 1 and have not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4. This Agreement requires only that Defendants take the actions specified in Paragraph 1. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determinations made pursuant to Paragraph 1 of the Agreement. To challenge any final determination, Plaintiffs must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

5. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No party shall use this

Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making a determination regarding critical habitat for any listed species.

6.    Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party.  Except as expressly provided in this Agreement, none of the parties waives or relinquishes any legal rights, claims, or defenses it may have.  This Agreement is executed for the purpose of settling Plaintiffs' Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

7.    Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

8.    The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the parties.  By entering into this Agreement, the parties do not waive any claim or defense except as expressly stated herein.  This Agreement contains all of the terms of agreement between the parties concerning the Complaint, and is intended to be the final and sole agreement between the parties with respect thereto.  The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

9.    The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this

Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

10. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying the Agreement.

11. Plaintiffs reserves its right to request reasonable fees from Defendants and Defendants reserve their right to contest Plaintiffs' entitlement to recover fees in this case and to the amount of any such fees, and do not waive any objection or defenses they may have to Plaintiffs' fee request.

12. Upon adoption of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee any dispute as to fees and compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated February 12, 2020

    Respectfully submitted,

    JEAN E. WILLIAMS,
    Deputy Assistant Attorney General
    Environment & Natural Resources Division
    SETH M. BARSKY, Chief
    MEREDITH L. FLAX, Assistant Chief

    */s/ Mark Arthur Brown*
    Mark Arthur Brown
    Senior Trial Attorney
    United States Department of Justice
    Environment & Natural Resources Division
    Wildlife & Marine Resources Section

*Stipulated Settlement Agreement*  6
*Center for Biological Diversity v. Bernhardt*, 1:18-cv-02407-RMC

                        Ben Franklin Station
                        P.O. Box 7611
                        Washington, DC 20044-7611
                        Tel: (202) 305-0204
                        Fax: (202) 305-0275
                        E-mail: mark.brown@usdoj.gov

*Attorneys for Defendants*


                        */s/ Jaclyn M. Lopez*
                        Jaclyn M. Lopez
                        FL0017
                        Center for Biological Diversity
                        P.O. Box 2155
                        St. Petersburg, FL 33731
                        Tel: (727) 537-0802
                        Fax: (520) 623-9797
                        jlopez@biologicaldiversity.org

*Attorneys for Plaintiff*


IT IS SO ORDERED.


Dated: _____, 2020   By:   _____

                                              HON. ROSEMARY M. COLLYER

                                              UNITED STATES DISTRICT JUDGE